UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL M. RUCKER,

    Plaintiff,

v.
    Case No: 8:15-cv-2210-T-27AEP
    Crim. Case No: 8:12-cr-266-T-27AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/

# ORDER

**BEFORE THE COURT** is Petitioner Michael M. Rucker's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), Memorandum in Support (cv Dkt. 2), the United States' Response (cv. Dkt. 7), and Rucker's Reply (cv Dkt. 8). Upon consideration, Rucker's § 2255 motion is **DENIED**.

## PROCEDURAL BACKGROUND

Rucker was convicted for being a felon in possession of a firearm (Count One) and possessing with intent to distribute cocaine base and marijuana within 1,000 feet of a secondary school and private playground (Count Three). (cr Dkt. 161). His Presentence Investigation Report (cr Dkt. 200, (PSR)) set the base offense level on Count One at 24, based on two prior convictions for throwing a deadly missile at or within a building and fleeing and eluding. (PSR ¶ 26); U.S.S.G. § 2K1.1(a)(2) (setting a base level of 24 for defendants convicted of possession of a firearm by a convicted felon who have at least two felony convictions for a crime of violence). The PSR also applied the career offender enhancement under U.S.S.G. § 4B1.1, based on those convictions. (PSR ¶ 32).

1

Rucker was sentenced to concurrent terms of 120 months on Count One and 240 months on Count Three. (cr Dkt. 161 at 2). His conviction and sentences were affirmed. (cr Dkt. 188); *United States v. Rucker*, 588 F. App'x 943 (11th Cir. 2014). His petition for writ of certiorari was denied. *Rucker v. United States*, 135 S. Ct. 1513 (2015). Rucker timely filed his § 2255 motion, which presents the following grounds:

**Ground One:**

Ineffective Assistance of Counsel[.]

(cv Dkt. 2 at 1).

**Ground Two:**

Movant's career offender enhanced sentence pursuant to U.S.S.G. §§2K2.1(a)(2) and 4B1.1(a) was imposed in violation of his Fifth Constitutional Amendment right to due process.

(Id. at 6).

And his Motion Requesting Leave to Supplement (cv Dkt. 9) was granted. His § 2255 motion was deemed amended to include the following ground:

**Ground Three:**

Petitioner's sentence as a career offender under U.S.S.G. § 4B1.1 resulted in[] an "incorrect guidelines" range in violation of the due process clause of the United States Constitution as clarified in light of Johnson v[.] United States, 135 S. Ct. 2551 (2015) and Molina-Martinez v[.] United States, 136 S. Ct. 1338 (2016)[.]

(cv Dkt. 11).[1]

## DISCUSSION

All of Rucker's claims relate to his prior convictions being considered crimes of violence under U.S.S.G. § 2K2.1 and the career offender guideline, U.S.S.G. § 4B1.1. The United States

---

[1] Inexplicably, although directed to amend its response to Rucker's § 2255 motion (id.), the United States failed to do so.

correctly contends that Ground Two is procedurally defaulted (as is Ground Three) and alternatively, his claims lack merit because when he was sentenced, his prior conviction for violating Fla. Stat. § 790.19 qualified as a "crime of violence" under § 4B1.2's "residual clause," and counsel could not be ineffective in failing to raise a meritless claim. (cv Dkt. 7 at 3). Moreover, the United States correctly contends that counsel did object to consideration of his prior convictions as crimes of violence, thereby preserving those claims in the event the law changed. (Id. at 2).

### *Ground One – Ineffective Assistance of Counsel*

Rucker contends that counsel was ineffective, alleging:

(i) failure to object to his career offender enhanced sentence purs[ua]nt to U.S.S.G. §§ 2K2.1(a)(2) and 4B1.1(a) at sentencing and (ii) failure to contest his career enhanced sentence pursuant to U.S.S.G. §2K2.1(a)(2) and § 4B1.1(a) on appeal fell below an objective standard of reasonableness because at the time of his sentence and appeal, the law was clear that his prior conviction for throwing a deadly missile at, within, or into a building under Fla. Stat. § 790.19 was not a crime of violence.

(cv Dkt. 2 at 3).

To establish a claim of ineffective assistance of counsel, Rucker must show that defense counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). In assessing a lawyer's performance, there is a strong presumption that the performance was reasonable and that counsel exercised "reasonable professional judgment" in making all significant decisions. *Id.* at 1314. The determination is, objectively, whether counsel's performance was within "the wide range of

professionally competent assistance." *Van Poyck v. Fla. Dep't. of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).

Deficient performance results in prejudice when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Rucker contends that counsel's performance was deficient in failing to object at sentencing or contesting on appeal the basis for his enhanced sentence under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.1(a). Specifically, he contends his prior conviction under Fla. Stat. § 790.19 was erroneously considered a "crime of violence" as defined in § 4B1.2 and for purposes of enhancement under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.1(a). He contends he suffered prejudice as a result because, had counsel acted reasonably, his guidelines range would not have been enhanced based on prior "crimes of violence." (cv Dkt. 2 at 3). His contentions are without merit.

To be classified as a career offender under § 4B1.1(a), a defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. And under § 2K2.1(a)(2), a defendant will receive an enhanced base offense level if he has at least two prior felony convictions for crimes of violence or controlled substance offenses. When Rucker was sentenced, a "crime of violence" was defined in § 4B1.2 as a state or federal offense punishable by more than one year in prison that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . otherwise involves conduct that presents a serious risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1)-(2). Subsection (a)(1) of § 4B1.2 is commonly referred to as the "elements clause," while subsection (a)(2), is commonly referred to as the "residual clause." When he was sentenced, both of these "clauses"

were in § 2K2.1 as well. *See United States v. Price*, 132 F. App'x 341, 342-43 (11th Cir. 2005) ("'[C]rime of violence,' as used in § 2K2.1, is given the same meaning as that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.") (citing U.S.S.G. § 2K2.1 cmt n.5).[2]

Rucker's contention that "the law was clear that his prior conviction for throwing a deadly missile at, within, or into a building under Fla. Stat. § 790.19 was not a crime of violence" is foreclosed by *United States v. Striedinger*, 479 F. App'x 305 (11th Cir. 2012) (per curiam), and *United States v. Green*, 296 F. App'x 811 (11th Cir. 2008) (per curiam).

In *Striedinger*, the court found that Fla. Stat. § 790.19 "categorically" qualifies as a crime of violence under § 4B1.2(a)'s residual clause "because it involves conduct that presents a serious potential risk of physical injury to another." 479 F. App'x at 309. The court reasoned that "[e]ven if a defendant throws a missile at a structure that he believes is unoccupied, it is possible for an occupant or a bystander located outside of the structure to be struck by the missile or resulting debris and thereby injured." *Id.* And the court found that "even if a violation of Fla. Stat. § 790.19 did not qualify as a crime of violence under the categorical approach, Striedinger's conviction for throwing a deadly missile would still qualify as a crime of violence under the modified categorical approach, because his charging information and acknowledgment of plea form indicated that he threw a missile into an occupied building." *Id.*

In *Green*, the court addressed whether plain error occurred when the district court concluded that the defendant's prior conviction under Fla. Stat. § 790.19 qualified as a crime of violence under § 4B1.2(a)'s residual clause. In finding that there was no plain error, the court found that "the Florida crime of throwing a deadly missile plainly passes the threshold test of the

---

[2] In 2016, the residual clause of U.S.S.G. § 4B1.2(a)(2) was removed from the Sentencing Guidelines. This, however, has no bearing on Rucker's claims. *See United States v. Craig*, 706 F. App'x 545, 550-51 (11th Cir. 2017) (finding that courts "apply the version of the guidelines in effect at sentencing" and denying petitioner's request to apply the revised version of § 4B1.2 that eliminated the residual clause).

5

second definition of a crime of violence, under § 4B1.2(a)(2), because it requires that the offender's conduct present a serious potential risk of physical injury to another." 296 F. App'x at 817.

Rucker's reliance on *United States v. Estrella*, 758 F.3d 1239 (11th Cir. 2014), is misplaced. *Estrella*, published during the pendency of his appeal, held that a defendant's conviction under Fla. Stat. § 790.19 for wantonly or maliciously throwing, hurling, or projecting a missile, stone, or other hard substance at an occupied vehicle was not a crime of violence as defined by U.S.S.G. § 2L1.2(b)(1). *Id.* at 1254.[3] That definition differs from § 4B1.2, however. Specifically, § 2L1.2(b)(1) does not include a residual clause. *Estrella* discussed only the elements-based definition of "crime of violence" in § 2L1.2(b)(1). *Id.* at 1244. *Estrella* is therefore distinguishable. Accordingly, as the United States correctly argues, the elements-based definition is not relevant to Rucker's claims. His enhancements were applied under § 4B1.2(a)'s definition of a crime of violence, which included the residual clause. And, as noted, when he was sentenced, his conviction for throwing a deadly missile into a dwelling qualified as a crime of violence under the residual clause based on *Striedinger* and *Green*, because "it otherwise involves conduct that presents a serious potential risk of physical injury to another." (Dkt. 7 at 6) (citing *Striedinger*, 479 F. App'x at 309).[4]

---

[3] Under that Sentencing Guidelines, "[a] conviction is considered a crime of violence . . . if it falls under a list of enumerated offenses or meets an elements-based definition." *Estrella*, 758 F.3d at 1244 (citing U.S.S.G. § 2L1.2, cmt n.1(B)(iii)). And under this elements-based definition, the court considered whether Estrella's prior conviction under Fla. Stat. § 790.19 "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*

[4] The Eleventh Circuit reached the same conclusion when considering whether Fla. Stat. § 790.19 constituted a "violent felony" for purposes of enhancement under the Armed Career Criminal Act (ACCA). *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337 (11th Cir. 2013). In *Turner*, the Eleventh Circuit concluded that "when a person wantonly or maliciously shoots or throws any deadly missile at any building—occupied or unoccupied—there is a serious potential risk of physical injury sufficient to bring such conduct within the ambit of the residual clause." *Id.* at 1338. Notably, "[t]he definition of 'violent felony' under the ACCA is virtually identical to the definition of 'crime of violence' for purposes of the career offender enhancement of § 4B1.1 of the United States Sentencing Guidelines (USSG), 'so that decisions about one apply to the other.'" *Id.* at 1335 n.4 (quoting *Gilbert v. United States*, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (en banc)).

Moreover, the record demonstrates that Rucker's counsel investigated his prior convictions and whether they qualified as crimes of violence. As noted in the Addendum to the PSR, counsel initially objected to Probation's application of the guidelines, challenging the enhancements. *See* (cr Dkt. 200 at 28, ¶ 5). And when asked at sentencing about the predicate for Rucker's career offender enhancement and criminal history calculation, counsel responded:

> As far as the career offender goes, I've done the research. Both of those offenses, the throwing the deadly missile and the fleeing to elude, are violent offenses under the research, Judge. So, I don't believe that they would not qualify as him being a career offender.

(cr Dkt. 180, Sentencing Hearing Transcript, 83:6-10).

Counsel's explanation was correct based on *Striedinger* and *Green*. Faced with valid prior convictions for crimes of violence and a correct determination by Probation that his client was a career offender, counsel did what he reasonably could to mitigate the effect of Rucker's guidelines range, arguing for a variance while preserving the issue. (Id. at 86:16-24; 115:8-18; cr Dkt. 152, Defendant's Sentencing Memorandum, at 1-2). Counsel's initial objections to the enhancements, as noted in the addendum to the PSR, and his preservation of that objection at sentencing, contradict and refute Rucker's claim that counsel "failed to object" and that his performance was deficient.[5] Moreover, since *Estrella* is distinguishable, his contention that counsel's performance was deficient on appeal is without merit, since Rucker's prior convictions under Fla. Stat. § 790.19 constituted crimes of violence under § 4B1.2's residual clause.

Because Rucker has not shown that there was a basis to object to his career offender classification, he has not shown that counsel's failure to object at sentencing or on appeal

---

[5] During sentencing, after acknowledging that Rucker's prior convictions qualified as "crimes of violence," Counsel added, "I wouldn't want to waive a future argument if the United States Supreme Court ever did say that throwing a deadly missile . . . was not under the categorical or the modified categorical approach a violent felony, I would make an objection and ask to incorporate that futuristic thinking into my objection." (cr Dkt. 180 at 86:18-24).

constitutes deficient performance. *See Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . ." (citation omitted)). And he cannot, therefore, show prejudice resulting from any alleged deficient performance.

***Ground Two***

In Ground Two, Rucker contends his right to due process was violated when he was sentenced as a career offender, citing *Johnson v. United States*, 135 S. Ct. 2251 (2015). (cv Dkt. 2 at 7). More specifically, he argues that because the Armed Career Criminal Act's (ACCA) residual clause has been declared unconstitutionally vague in *Johnson*, the identically worded residual clause in the career offender enhancement in U.S.S.G. § 4B1.2 is likewise unconstitutionally vague.[6] (Id.). His contention is foreclosed by Circuit precedent.

After *Johnson*, this Circuit held that the vagueness infirmity did not apply to the advisory Sentencing Guidelines and therefore *Johnson* did not invalidate the residual clause in § 4B1.2(a)(2). *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015). And in *Beckles v. United States*, the Supreme Court affirmed Eleventh Circuit precedent, holding:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

137 S. Ct. 886, 892 (2017).

Accordingly, this claim is foreclosed by binding precedent.

---

[6] In his Reply, Rucker includes for the first time, argument that "this Court should and must apply the rule of lenity to his *Johnson* based claim in Ground Two . . . ." (Dkt. 8 at 4-6). This Court is mindful of its responsibility to address and resolve all claims raised in Rucker's motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(a)). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply. Accordingly, to the extent Rucker purports to raise any new claims in his Reply (Dkt. 8, 16), those claims will not be considered.

*Ground Three*

In Ground Three, Rucker contends that his "sentence as a career offender under U.S.S.G. § 4B1.1 resulted in[] an 'incorrect guidelines' range in violation of the due process clause of the United States Constitution as clarified in light of *Johnson v[.] United States*, 135 S. Ct. 2551 (2015) and *Molina-Martinez v[.] United States*, 136 S. Ct. 1338 (2016)." (cv Dkt. 9 at 2).

In *Molina-Martinez*, the Supreme Court addressed the application of plain error review to guidelines calculations. 136 S. Ct. 1338. "To demonstrate that an error harmed a defendant's substantial rights, the defendant must generally 'show a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *See United States v. Black*, 750 F. App'x 887, 891 (11th Cir. 2018); *see also United States v. Newton*, 766 F. App'x 742, 757 (11th Cir. 2019) ("Thus, to take advantage of the assumption/presumption of *Molina-Martinez* that a defendant who shows that he was sentenced pursuant to an incorrect sentencing range is a defendant who has shown a probability that, absent the error, the outcome of the proceeding would have been different.").

*Molina-Martinez* and *Johnson*, however, are inapplicable. First, with respect to *Molina-Martinez*, Rucker fails to demonstrate that his guidelines application was erroneous. As noted, his base offense level was increased and the career offender enhancement was applied based on two prior "crime of violence" convictions. Second, as noted, to the extent he contends his guidelines range was incorrect based on *Johnson*, this contention is without merit.[7] As discussed, *Johnson* did not invalidate § 4B1.2's residual clause. *See Beckles*, 137 S. Ct. at 892. Rucker cannot therefore "show[] that he was sentenced pursuant to an incorrect sentencing range." *See Newton*, 766 F. App'x at 757.

---

[7] *See Levert v. United States*, 766 F. App'x 932, 937 (11th Cir. 2019) ("*Molina-Martinez* did not involve a *Johnson* claim.").

9

**Procedural Default**

A defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of either cause and prejudice or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Rivers v. United States*, 476 F. App'x 848, 849 (11th Cir. 2012). To show cause for not raising a claim on direct appeal, Rucker must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004).

Ineffective assistance of counsel may constitute cause for a procedural default, if the petitioner can demonstrate that the procedural default was caused by constitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002). Counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation. *Payne v. Allen*, 539 F.3d 1297, 1314 n.16 (11th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 754 (1991)).

As discussed, Rucker has not demonstrated deficient performance on the part of his attorney or actual prejudice resulting from any alleged deficient performance. Accordingly, Rucker has not established cause for not raising his claims other than ineffective assistance of counsel, on direct appeal. Nor has he shown that his attorney was ineffective in failing to object to the claimed error at sentencing or failing to raise it on appeal. *See Freeman*, 536 F.3d at 1233 ("A lawyer cannot be deficient for failing to raise a meritless claim . . . .").

As an alternative to denying Grounds Two and Three on the merits, these grounds are procedurally defaulted because he did not raise them on direct appeal. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). Indeed, the only issue raised on appeal relating to his

sentence was "that the court erred at sentencing by considering his prior convictions in violation of his Sixth Amendment rights." *See Rucker*, 588 F. App'x at 946.

Since the record demonstrates that Rucker's claims are without merit, an evidentiary hearing is unnecessary.[8] Accordingly, Rucker's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1) is **DENIED**.

### Certificate of Appealability ("COA")

Rucker is not entitled to a COA. To obtain a COA, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). He cannot make this showing and is therefore not entitled to a COA or to appeal *in forma pauperis*.

**DONE AND ORDERED** this 25th day of November, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro se* Petitioner, Counsel of Record

---

[8] An evidentiary hearing is not required if the § 2255 motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).